REVERSE and REMAND; and Opinion Filed April 1, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00471-CV

## MEDO PJETROVIC, Appellant
## V.
## 4HG FANNIN INVESTMENTS, LLC, KYLE PAYNE, AND MARY PAYNE, Appellees

On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 11-13439-C

# OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Fillmore

Medo Pjetrovic appeals the dismissal of his claims against 4HG Fannin Investments, LLC (4HG), Kyle Payne, and Mary Payne arguing, in one issue, that the trial court erred by dismissing his claims because the receiver acting on Pjetrovic's behalf did not have authority to agree to the dismissal of the lawsuit. We reverse the trial court's order dismissing Pjetrovic's claims and remand this case for further proceedings.

## Background

On November 24, 2008, Eloy Construction Interiors, LLC obtained a default judgment in the amount of $3,550 against Pjetrovic in cause number DC-08-10524, *Eloy Construction Interiors, LLC v. Medo Pjetrovic*, in the 101st Judicial District Court of Dallas County, Texas. On December 28, 2010, a judgment was rendered against Pjetrovic by the 68th Judicial District

Court in cause number DC-09-17452, *Dieter Schwarz d/b/a Market Square v. Medo Pjetrovic, Jerilyn Geozeff d/b/a Venice Italian Restaurant, and Frances Pjetrovic.*[1] A writ of execution was issued on the *Schwarz* judgment and, on October 4, 2011, the Fannin County sheriff sold two pieces of real property belonging to Pjetrovic. 4HG's successor in interest bought one of the properties, and Kyle and Mary Payne bought the other.

On October 19, 2011, Pjetrovic sued 4HG and the Paynes in the case that is the subject of this appeal (the 4HG litigation) seeking to set aside the two deeds and to quiet title to the real property in Pjetrovic. In response to a motion for summary judgment filed by 4HG and the Paynes, Pjetrovic indicated that, if required to do so by the trial court, he would tender into the registry of the court the amount of money paid by 4HG and the Paynes for the real property. The trial court required Pjetrovic to tender $271,850 into the registry of the court before January 13, 2012.

On January 9, 2012, based on Eloy's application for turnover, an associate judge signed a turnover order in the *Eloy* litigation that appointed a receiver to "take possession of, maintain, operate, and/or sell the leviable assets" of Pjetrovic, specifically including Pjetrovic's claims and causes of action in the 4HG litigation, and to assist Eloy in satisfying the *Eloy* judgment. A "green card" for a certified mailing indicates Pjetrovic received notice of the turnover order on January 10, 2012.

At 3:39 p.m. on January 12, 2012, counsel for the receiver sent an email to Pjetrovic's counsel in the 4HG litigation informing him of the receivership, stating the amount owed on the *Eloy* judgment, including attorney's fees, was approximately $6,000, and demanding Pjetrovic's counsel release any funds belonging to Pjetrovic that were in his counsel's possession. Counsel

---

[1]  This judgment is not in the appellate record.

for the receiver also indicated there was a hearing set in the 4HG litigation at 8:45 a.m. on January 13, 2012, he intended to appear at the hearing on behalf of the receiver, and he needed the file for the case delivered to his office by 5:00 p.m. on January 12, 2012. Pjetrovic's counsel, who was apparently in depositions on January 12, 2012, responded by email at 6:54 p.m. that there was not a hearing scheduled in the case for January 13th, he would be "out most of tomorrow," and he would review the email and "get back" to the receiver's counsel, "likely early next week."

On January 13, 2012, 4HG, the Paynes, and the receiver agreed to settle Pjetrovic's claims against 4HG and the Paynes for $6,000, and the receiver agreed to dismiss Pjetrovic's claims against 4HG and the Paynes. The trial court signed an agreed order dismissing Pjetrovic's claims against 4HG and the Paynes.

On January 17, 2012, Pjetrovic appealed the associate judge's turnover order in the *Eloy* litigation to the 101st District Court. On February 10, 2012, Pjetrovic filed in the 4HG litigation a combined motion to set aside or vacate the order dismissing the case and motion for new trial. Pjetrovic contended the receiver did not have authority on January 13, 2012 to agree to dismiss the lawsuit because the turnover order in the *Eloy* litigation had been appealed to the 101st District Court. Pjetrovic also argued he did not receive notice of the request to appoint a receiver or of the turnover order, he did not consent to the dismissal of his claims, and equity required that the dismissal be set aside. On March 14, 2012, Pjetrovic filed a supplement to the motion stating the *Eloy* judgment had been paid. The judge for the 101st District Court denied Pjetrovic's appeal of the associate judge's order on February 27, 2012.

4HG and the Paynes filed a response to Pjetrovic's combined motion asserting the turnover order was valid on January 13, 2012 because there was no pending appeal of the

associate judge's order on that date. 4HG and the Paynes also argued that, because Pjetrovic failed to have a hearing on his appeal in the 101st District Court within thirty days of the associate judge's order, the turnover order was confirmed as the order of the district court on February 9, 2012. Finally, 4HG and the Paynes asserted the receiver did not need Pjetrovic's consent to settle the claims, Pjetrovic did not have standing to file the motion to set aside, and there was no equitable basis on which to set aside the dismissal.

The trial court did not rule on Pjetrovic's motion to set aside or vacate the order dismissing the case. Pjetrovic's motion for new trial was overruled by operation of law.

## Motion to Dismiss

4HG and the Paynes filed a motion to dismiss this appeal asserting that, because Pjetrovic failed to appeal the turnover order in the *Eloy* litigation to this Court, he does not have standing to challenge the authority of the receiver in this appeal. A lack of standing deprives a court of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993); *Hall v. Douglas*, 380 S.W.3d 860, 872 (Tex. App.—Dallas 2012, no pet.). "[A] party whose own interest is prejudiced by an error has standing to appeal." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *see also Hall*, 380 S.W.3d at 872 ("A person has standing to sue when he is personally aggrieved by the alleged wrong.").

In this appeal, Pjetrovic is not attempting to challenge the appointment of the receiver. Rather, Pjetrovic is arguing the trial court erred by dismissing his claims because, on January 13, 2012, the receiver did not have authority to agree to the dismissal. Pjetrovic further asserts that he was harmed by the settlement because his claims were worth much more than the settlement value agreed to by the receiver. We conclude that Pjetrovic has asserted he was prejudiced by the trial court's dismissal of his claims based on the receiver's allegedly unauthorized agreement

–4–

to settle the claims against 4HG and the Paynes. Therefore, regardless of whether Pjetrovic appealed the ruling of the 101st District Court confirming the associate judge's appointment of the receiver, Pjetrovic has standing to assert the receiver did not have authority on January 13, 2012 to settle Pjetrovic's claims against 4HG and the Paynes. *See, e.g., Allstate Indem. Co. v. Forth*, 204 S.W.3d 795, 796 (Tex. 2006) (per curiam) (plaintiff did not have standing to assert insurer settled her claim in arbitrary and unreasonable manner because she did not claim manner in which insurer settled claim caused her any injury). Accordingly, we deny 4HG and the Paynes' motion to dismiss this appeal.

## Dismissal of Pjetrovic's Claims

In one issue, Pjetrovic contends the trial court erred by dismissing Pjetrovic's claims against 4HG and the Paynes because the receiver did not have authority to act on behalf of Pjetrovic on January 13, 2012.

### *Standard of Review*

Pjetrovic's complaint requires us to determine the effect of chapter 54A of the government code, setting out a statutory scheme governing the appointment and use of associate judges in civil cases, on the receiver's authority to agree to dismiss Pjetrovic's claims. We review questions of statutory construction de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011).

When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (West 2005); *Molinet*, 356 S.W.3d at 411. "We look first to the statute's language to determine that intent, as we consider it 'a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent.'" *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex.

2008) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)); *see also Molinet*, 356 S.W.3d at 411. We consider the statute as a whole rather than focusing upon individual provisions in isolation. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). If a statute is unambiguous, we adopt the interpretation supported by its plain language unless such an interpretation would lead to absurd results. *Id.* (citing *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care*, 145 S.W.3d 170, 177 (Tex. 2004)).

*Applicable Law*

Effective January 1, 2012, the Legislature amended the statutory provisions governing the appointment and use of associate judges in civil cases. *See* TEX. GOV'T CODE ANN. §§ 54A.101–.118 (West Supp. 2012). Relevant to this appeal is the statutory scheme for seeking review of a decision of an associate judge by the referring court and the impact of any such request for review on the associate judge's decision.

A district court or a statutory county court may refer any civil case or portion of a civil case to an associate judge. *Id.* §§ 54A.101, 54A.106(a).[2] After hearing a matter, the associate judge is required to notify each attorney participating in the hearing of the associate judge's decision. *Id.* § 54A.111(a). Chapter 54A sets out two separate avenues by which a party, after receiving notice of the associate judge's decision, can seek review of the decision by the referring court.

First, a party may appeal the associate judge's decision to the referring court. *Id.* §§ 54A.111(b),(e), 54A.117. Unless a party appeals the associate judge's decision to the referring court, the associate judge's decision has the same force and effect as an order of the referring court. *Id.* § 54A.111(a). Except for a decision by the associate judge that issues a

---

[2] Any party may object to an associate judge hearing a trial on the merits. *Id.* § 54.106(b)–(c).

–6–

temporary restraining order or a temporary injunction, a party may file an appeal of the associate judge's order in the referring court "not later than the seventh day after the date the party receives notice of the decision." *Id.* § 54A.111(b). The appeal is tried de novo in the referring court and is limited to those matters specified in the appeal. *Id.* § 54A.111(e). Except on leave of the referring court, a party may not submit on appeal any additional evidence or pleadings. *Id.* The referring court may modify, correct, reject, reverse, or recommit the issue to the associate judge within thirty days of the associate judge's decision; otherwise, the associate judge's decision becomes the decree of the referring court. *Id.* § 54A.117.

The second avenue for review set out in chapter 54A is a de novo hearing before the referring court. *Id.* §§ 54A.112–.116. A party must file a written request for a de novo hearing with the clerk of the referring court "not later than the seventh working day after the date the party receives notice of the substance of the associate judge's decision." *Id.* § 54A.115(a).[3] The party must specify the issues being presented to the referring court in the de novo hearing and must give notice to opposing counsel of the request. *Id.* § 54A.115(b)–(c). Any other party may file a written request for a de novo hearing within seven working days after the initial request was filed. *Id.* § 54A.115(d). The trial court must hold the de novo hearing within thirty days of when the initial request for a de novo hearing was filed. *Id.* § 54A.115(e). Without leave of court, a party is allowed to present witnesses during the de novo hearing, and the referring court may consider the record from the hearing before the associate judge if the record was taken by a court reporter. *Id.* § 54A.115(f).

---

[3] A party may not, however, demand a second jury in a de novo hearing before the referring court if the associate judge's proposed order or judgment resulted from a jury trial. *Id.* § 54A.115(h).

While an issue is pending a de novo hearing before the referring court, a proposed order or judgment of the associate judge, except for an order appointing a receiver, is in full force and effect and is enforceable as an order or judgment of the referring court. *Id.* § 54A.113(a). However, if a request for a de novo hearing is not timely filed or the right to a de novo hearing is waived,[4] the proposed order or judgment of the associate judge becomes the order of the referring court only on the referring court's signing the proposed order or judgment. *Id.* § 54A.113(b).

## Analysis

In this case, the associate judge issued the turnover order appointing a receiver on January 9, 2012. Pjetrovic received notice of the associate judge's decision on January 10, 2012. Pjetrovic filed an appeal of that decision on January 17, 2012, within seven days of receiving notice of the decision, but did not file a request for a de novo hearing before the referring court. Relying on section 54A.113(a) of the government code, Pjetrovic argues the associate judge's order appointing a receiver was not in effect on January 13, 2012 when his claims were dismissed. *See id.* § 54A.113(a) (except for order providing for appointment of receiver, proposed order of associate judge is in full force and effect pending de novo hearing before referring court). However, Pjetrovic only appealed the associate judge's order and did not request a de novo hearing. Accordingly, section 54A.113(a) does not apply in this case.

Relying on section 54A.111(a) of the government code, 4HG and the Paynes assert the associate judge's order appointing a receiver was in full force and effect on January 12, 2012 because Pjetrovic had not yet appealed the associate judge's order. *See id.* § 54A.111(a) (associate judge's decision has the same force and effect as order of referring court unless party

---

[4] Prior to the hearing before the associate judge, a party may, either in writing or on the record, waive its right to a de novo hearing before the referring court. *Id.* § 54A.112(c).

appeals decision as set out in statute). According to 4HG and the Paynes, the order appointing the receiver was effective from January 9, 2012 until January 17, 2012 when Pjetrovic filed his appeal. It was then not effective until February 9, 2012 when the associate judge's order became the decree of the district court due to the district court's failure to take timely action on the appeal.

We agree with 4HG and the Paynes that the provisions of chapter 54A of the government code relating to an appeal of the associate judge's order without a request for a de novo hearing apply to this case. We cannot, however, agree that the associate judge's order was in effect on January 13, 2012. Section 54A.111(a) provides that the associate judge's decision has the same force and effect as an order of the referring court "unless a party appeals the decision as provided by Subsection (b)." *Id.* § 54A.111(a). As relevant to this case, subsection (b) gave Pjetrovic seven days after the date he received notice of the associate judge's decision in which to file the appeal. *Id.* § 54A.111(b). Pjetrovic timely filed his appeal under subsection (b) and, therefore, section 54A.111(a) was not applicable to give the associate judge's decision the full force and effect of an order of the referring court. To read the statute to allow the associate judge's decision to be effective despite Pjetrovic's timely appeal of the order could very well make the right to appeal meaningless.

We conclude that, in light of Pjetrovic's timely appeal of the associate judge's order, the associate judge's order was not in full force and effect on January 13, 2012. Accordingly, the receiver did not have authority to settle Pjetrovic's claims against 4HG and the Paynes on January 13, 2012, and the trial court erred by dismissing the claims based on the receiver's agreement to do so.

We resolve Pjetrovic's sole issue in his favor. We reverse the trial court's dismissal of Pjetrovic's claims against 4HG and the Paynes and remand this case for further proceedings.

ROBERT M. FILLMORE
JUSTICE

120471F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MEDO PJETROVIC, Appellant

No. 05-12-00471-CV     V.

4HG FANNIN INVESTMENTS, LLC,
KYLE PAYNE, AND MARY PAYNE
Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-13439-C.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Evans participating.

    In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this case is **REMANDED** to the trial court for further proceedings.

    It is **ORDERED** that appellant Medo Pjetrovic recover his costs of this appeal from appellees 4HG Fannin Investments, LLC, Kyle Payne, and Mary Payne.

Judgment entered this 1st day of April, 2013.

_____
ROBERT M. FILLMORE
JUSTICE