**Dismissed and Opinion Filed March 26, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00731-CV

### BRYAN HULL AND ANGELIQUE HULL, Appellants
### V.
### OCWEN LOAN SERVICING, LLC AND U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR AGEIS ASSET BACKED SECURITIES TRUST MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-4, Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-13498**

## MEMORANDUM OPINION
Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Justice Molberg

This appeal challenges the associate judge's ("AJ") summary judgment, which was reviewed in a de novo proceeding, but not modified, corrected, rejected, reversed, or signed, by the referring court. At issue is whether the appeal was properly filed in light of two provisions in Texas Government Code chapter 54A, subchapter B, which governs the appointment and use of AJs in civil cases. The first provision is section 54A.116(b), which provides in relevant part, that the date the

judgment is signed by the referring court is the controlling date for purposes of appeal. *See* TEX. GOV'T CODE ANN. § 54A.116(b). The second provision is section 54A.117, which provides that the action of the AJ becomes the decree of the referring court if the referring court does not modify, correct, reject, reverse, or recommit an action to the AJ within thirty days of the action being taken. *See id.* § 54A.117. The appeal was filed based on the latter provision, but we conclude the former provision controls and dismiss the appeal as premature. *See* TEX. R. APP. P. 42.3(a); *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied).

## APPLICABLE LAW

### *Associate Judge*

A district court or statutory county court may refer any civil case or portion of a civil case to an AJ. *Id.* §§ 54A.101, 54A.106. Section 54A.108(a) lists an AJ's powers. *See id.* § 54A.108(a). Those powers include conducting hearings; compelling production of evidence; and, "tak[ing] action as necessary and proper for the efficient performance of the duties required by the order of referral." *See id.* § 54A.108(a). Subject to objection by a party, an AJ may also hear a trial on the merits.[1] *See id.* § 54A.106(b).

---

[1] A "trial on the merits" is defined as "any final adjudication from which an appeal may be taken to a court of appeals." *See* TEX. GOV'T CODE ANN. § 54A.106(b).

Although an AJ may conduct hearings and trials on the merits, the only decisions by the AJ that become the judgment of the referring court without ratification by the court are default and agreed orders. *See id.* § 54A.116(c). All other decisions by the AJ are recommendations only, *see id.* § 54A.108(a)(11), and do not become the judgment of the referring court until the referring court signs the judgment since the court may, on its own motion, modify or reject the AJ's proposed order or judgment, hear additional evidence, or recommit the matter to the AJ for further proceedings, *see id.* §§ 54A.113(b), 54A.114.

Parties to an AJ hearing are entitled to notice of the AJ's decision, *see id.* § 54A.111(a), and may seek review by the referring court of the decision by filing an appeal under section 54A.111 or requesting a de novo hearing under section 54A.115. *See id.* §§ 54A.111(b), 54A.115(a); *see also Pjetrovic v. 4HG Fannin Inv., LLC*, 400 S.W.3d 119, 123 (Tex. App.—Dallas 2013, pet. denied). An appeal to the referring court must be filed within seven days after the party receives notice of the AJ's decision and is tried de novo. *See id.* § 54A.111(b), (e). No timeframe is provided as to when the appeal must be heard. *See id.* § 54A.111. A request for a de novo hearing must be filed within seven "working" days after notice of the substance of the AJ's decision is received, and the hearing must be held within thirty days of the request.[2] *See id.* § 54A.115(a),(e).

---

[2] The statute does not define "working."

–3–

Although the date an order or judgment by the referring court is signed is the controlling date for purposes of appealing to a court of appeals, the statute does not set a timeframe for the referring court to render a decision following an appeal or de novo hearing or to sign the AJ's proposed order or judgment if no appeal or de novo hearing request is filed and the AJ's proposed judgement is not rejected. *See* TEX. GOV'T CODE ANN. §§ 54A.111, 54A.113, 54A.115. However, as stated above, section 54A.117 provides that the action of the AJ becomes the decree of the referring court if the referring court does not modify, correct, reject, reverse, or recommit an action to the AJ within thirty days of the action being taken.[3] *See id.* § 54A.117.

### *Statutory Construction*

When construing a statute, a court's objective is to give effect to the legislature's intent based on the plain meaning of the words used in the statute. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404 (Tex. 2016). A court presumes statutory language was chosen "with care and that every word or phrase was used with a purpose in mind." *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). Words and phrases are read in context and consistently throughout the statute, construed according to the rules of grammar and common usage, and considered within the statute as a whole so that no provision is

---

[3] It is unclear from the statute if "action" is the same as "decision."

–4–

rendered meaningless or mere surplusage. *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016); *Crosstex Energy Serv., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014) (quoting TEX. GOV'T CODE ANN. § 311.011); *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

<u>*Appellate Timetable*</u>

Texas Rule of Appellate Procedure 26.1 calculates the period within which a civil appeal must be perfected from the date the judgment is signed. *See* TEX. R. APP. P. 26.1; *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). To ensure simplicity and certainty in determining the time for perfecting an appeal, the appellate timetable begins to run only on the signing of a written order, even when the signing of such order is "purely ministerial." *Farmer*, 907 S.W.2d at 496; *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("Simplicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal.").

**DISCUSSION**

The parties agree in jurisdictional briefing that the statute at issue is not a model of clarity. Appellants assert, however, that a good faith argument can be made that an appeal can be filed upon the expiration of the thirty-day period referenced in section 54A.117 since the AJ's "action" becomes the decree of the court if the

referring court has not acted on it.[4]  Reading the statute as a whole, however, it appears section 54A.117 comes into play when no appeal or request for a de novo hearing is filed as (1) the actions referenced in section 54A.117 that the referring court may take–modify, correct, reject, reverse, or recommit to the AJ–are inconsistent with consideration of a matter de novo, and (2) at least when a request for a de novo hearing is filed, the referring court has thirty-seven days, seven days of which are "working" days, from the date the parties received notice of the AJ's decision to hold the hearing.  Moreover, the Court must presume that every word or phrase in the subchapter was used with a purpose in mind, and construing section 54A.117 in the manner appellants suggest would render section 54A.116(b), which requires the referring court's signature, meaningless and would be inconsistent with the fact that other than a default or agreed order, an AJ's decision does not become the judgment of the referring court until the referring court signs the judgment.[5] Appellants' construction is also inconsistent with the rule that the timetable for filing an appeal does not begin to run other than by signed, written order, even when the signing of such order is purely ministerial, *see Farmer*, 907 S.W.2d at 496, and it

---

[4] Appellants note, in support of their argument, that the underlying case has been administratively closed.

[5] It appears that section 54A.117 encompasses two of the three stages to a judgment–rendition and reduction to writing.  *See Vann v. Brown*, 244 S.W.3d 612, 615 (Tex. App.—Dallas 2008, no pet.).  The third stage, judicial signing, is ministerial and conforms to the requirement in Texas Rule of Civil Procedure 306a(2) that "all judgment, decisions, and orders of any kind" be signed by the trial judge and include the date of signing.  *Henry v. Cullum Cos., Inc.*, 891 S.W.2d 789, 792 (Tex. App.—Amarillo 1995, writ denied) (quoting TEX. R. CIV. P. 306(a)(2)).

offers no certainty. While the parties are entitled to notice of the AJ's decision, they may not be aware the referring court took no action on the AJ's decision and that the time for appeal has begun to run.

Because the AJ's summary judgment here has not been ratified by the referring court, the appeal is premature. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *Ganesan*, 236 S.W.3d at 817.


Ken Molberg

200731f.p05                     KEN MOLBERG
                                JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRYAN HULL AND ANGELIQUE
HULL, Appellants

No. 05-20-00731-CV     V.

OCWEN LOAN SERVICING, LLC
AND U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE,
SUCCESSOR IN INTEREST TO
WACHOVIA BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR AGEIS ASSET BACKED
SECURITIES TRUST MORTGAGE
PASS THROUGH CERTIFICATES,
SERIES 2005-4, Appellees

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-13498.
Opinion delivered by Justice
Molberg, Chief Justice Burns and
Justice Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Ocwen Loan Servicing, LLC and U.S. Bank National Association As Trustee, Successor In Interest To Wachovia Bank National Association, As Trustee for AGEIS Asset Backed Securities Trust Mortgage Pass through Certificates, Series 2005-4 recover their costs, if any, of this appeal from appellants Bryan Hull and Angelique Hull.

Judgment entered this 26th day of March, 2021.