Apparajan **GANESAN**, Appellant,

v.

Claudia J. **REEVES** (Mailroom Supervisor), **David forrest** (facilities administrator, aka warden, GEO corporation, aka Wackenhut), **Suzie Chiles** (TDCJ mail coordinator), and **John Doe/Jane Doe** (multiple), Appellees.

No. 10–07–00175–CV.

Court of Appeals of Texas, Waco.

Aug. 22, 2007.

Rehearing Overruled Sept. 18, 2007.

Apparajan Ganesan, Livingston, pro se.

Bruce R. Garcia, Austin, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Apparajan Ganesan filed a notice of appeal in the trial court. The trial court forwarded the notice of appeal to this Court to which an appellate case number was assigned.

The Clerk of this Court warned Ganesan by letter that the appeal was subject to dismissal for want of jurisdiction because it appeared that there was no final judgment. Ganesan responded that he did not file a notice of appeal with this Court but filed an anticipatory notice of appeal with the trial court. He asserts that the trial court clerk forwarded the notice of appeal prematurely. The trial court clerk is not required to forward the notice of appeal in a civil appeal; rather, the appellant is required to file one with the appellate court. Tex.R.App. P. 25.1(e). Most trial court clerks, however, use the same procedure of automatically forwarding notices of appeal in civil cases like they use for notices of appeal in criminal cases. Tex.R.App. P. 25.2(c).

Ganesan wants to have a notice of appeal on file for the purpose of pursuing an appeal at some future date in the event he decides to complain about the, as yet unsigned, judgment in the, as yet untried, case. He asserts that he is entitled to do this under Texas Rule of Appellate Procedure 27.1 because it will be a timely filed notice of appeal if a judgment he wants to complain about is ever rendered. Rule 27.1 does not contemplate an appellate place holder until there is a final appealable judgment. The rule is designed to make it clear that a notice of appeal filed before the final appealable judgment is rendered is nevertheless effective to invoke our appellate jurisdiction of such a judgment.

But there is nothing in Rule 27.1 or the remainder of the Rules of Appellate Procedure that indicate, and the clear implication is to the contrary, that a notice of appeal can be filed in anticipation of an appeal that may be somewhere in the indefinite future. There are too many uncertainties for us to validate this procedure. How would we regulate, start, or monitor the appellate time table? How would we even know when or if a final appealable judgment were rendered? What would be the effect of the rendition of an appealable interlocutory order? What happens if an error free judgment is rendered or if no one wants to appeal the final judgment? Given the pressure of the legislatively imposed performance measures for the timely disposition of appeals, how long would we hold such an appeal on our docket before disposing of it?

We hold that Rule 27.1 does not require this Court to docket and hold an appeal open until there is an appealable judgment or order at some future date. Because there is no question that there is no appealable judgment or order in this proceeding, this appeal is dismissed. *See* Tex. R.App. P. 42.3(a); 44.3.

(Justice VANCE concurring with a note).*

---

* ("Justice Vance concurs in the judgment dis-     missing the case.")