Opinion issued June 5, 2009















In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00386-CV
____________

IN RE DALE CORDER, Relator




Orignal Proceeding on Petition for Writ of Habeas Corpus 




MEMORANDUM OPINION
              Relator, Dale Corder, requests habeas corpus relief from the civil-coercive-
contempt portion of the trial court’s August 19, 2008 contempt order. We dismiss the
petition for want of jurisdiction because it is premature.On August 19, 2008, the trial court rejected relator’s inability-to-pay defense
and found relator in contempt for not having paid 21 child support payments as they
became due. It sentenced realtor to 180 days’ punitive-contempt confinement in the
Harris County Jail for each of the 21 missed payments, but ordered the sentences to
be served concurrently. The trial court qualified the criminal contempt sentence by
stating that the sentence was “for a period of 180 days of criminal contempt, with said
sentences to run concurrently from day to day (namely from the date this Order is
signed until February 13, 2009


 unless the Sheriff of Harris County, Texas, gives this
court written notice that Respondent/Obligor is entitled to good time credit).” The
trial court further ordered that after relator had served the 180 days of punitive-contempt confinement, that as a civil-coercive measure, relator remain confined from
day to day until he paid a child support arrearage of $19,851.73, plus post-judgment
interest; $7,735.35 in attorney’s fees, plus post-judgment interest; and $83 in costs
to the District Clerk. The sheriff took relator into custody on August 20, 2008.
          After having rejected his initial request for habeas corpus relief, on February
3, 2009, this Court ordered relator released on bond until it determined relator’s
second amended petition for habeas corpus relief. On February 4, 2009, relator
posted bond to be released from the Harris County jail, but authorities from Brazoria
County took him from the Harris County jail and incarcerated him in the Brazoria
County jail, pending charges on criminal offenses alleged to have been committed in
that county, unrelated to any failure to pay child support.
          On April 10, 2009, this Court issued its opinion on relator’s second amended
petition for habeas corpus relief. We held that the portion of relator’s second
amended petition for habeas corpus relief that dealt with the punitive-contempt-
confinement portion of the trial court’s August 19, 2008 contempt order was not
meritorious. In re Corder, No. 01-09-00004-CV, 2009 Tex. App. LEXIS 2652, at
*5–10 (Tex. App.—Houston [1st Dist.] April 10, 2009, orig. proceeding). We also
held that the portion of relator’s second amended petition that dealt with the coercive-
contempt confinement of the trial court’s August 19, 2008 contempt order was not 
ripe for consideration. Id. at *10. We issued an order remanding relator to the
custody of the sheriff of Harris County to serve the balance of the punitive-contempt
confinement sentence. Id. Relator filed a motion for rehearing, explaining that he
was in the Brazoria County jail, pending charges for criminal offenses that the State
alleged that he had committed. He requested that we credit the time that he had spent
in the Brazoria County jail against the remainder of his punitive-contempt
confinement. We overruled relator’s motion for rehearing. We did not grant his
request to credit his time served in the Brazoria County jail to his punitive-contempt
confinement sentence to the Harris County jail. 
          Before we had ruled on relator’s motion for rehearing on his second amended
habeas petition (which our April 10, 2009 opinion disposed of), relator filed a
currently pending motion, requesting that this Court accept a “Possibly Prematurely
Filed 2nd Petition for Habeas Corpus.” The first ground for the motion was based on
the premise that we would grant his motion for rehearing and grant his request that
his time served in the Brazoria County jail be credited against the time that he would
have to serve on remand to the Harris County jail to complete the balance of his
punitive-contempt confinement, as we ordered on April 10, 2009. Relator reasoned
that this would make ripe his second petition for habeas corpus relief, which
challenges the validity of the civil-coercive portion of the trial court’s August 19,
2008 contempt order. Inasmuch as we did not grant relator’s time-served request,
relator’s first ground is now moot.
          The second ground for relator’s motion to accept a prematurely filed petition
for habeas corpus is that if we consider his second petition for habeas corpus relief
to be premature, based on an adverse ruling by us on his time-served request, we
should consider his second petition as timely filed for consideration when he begins
to serve his civil commitment on the expiration of the punitive-contempt portion of
the trial court’s August 19, 2008 contempt order. This would necessitate holding
relator’s second petition for habeas corpus relief on our docket for an indefinite
period of time. We do not know if or when relator is set for trial on the criminal
offense charges in Brazoria County or whether he will be confined until the time of
trial or will post bail. If he is convicted of one or both of those charges, we do not
know how long relator would have to serve to satisfy the criminal sentence(s)
assessed. In not an identical, but a similar situation, a sister court of appeals has held
that there is nothing in the Rules of Appellate Procedure providing that a jurisdiction
invoking document can be filed in anticipation of an appellate proceeding that may
be sometime in the indefinite future. See Ganesan v. Reeves, 236 S.W.3d 816, 817
(Tex. App.—Waco 2007, pet. denied) (holding that Texas Rule of Appellate
Procedure 27.1 does not require the court of appeals to docket and hold an appeal
open until there is an appealable judgment or order at some future date).
          We deny relator’s motion requesting the court to accept a possibly prematurely
filed second petition for habeas corpus relief. We dismiss as moot relator’s motion
requesting the Court to take notice of the record filed in relator’s first petition for
habeas corpus relief. We dismiss as premature relator’s second petition for habeas
corpus relief, without prejudice to his refiling such a petition when circumstances
render it ripe for consideration.
 
 Tim Taft
                                                                                  Justice


Panel consists of Justices Bland, Sharp, and Taft.