COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Alexandra Burns v. Michael Donald Burns

Appellate case number:   01-13-00797-CV

Trial court case number:  2012-26049

Trial court:                      311th District Court of Harris County

Appellant, Alexandra Burns, has filed a "Motion to Abate Appeal and Reset Appellate Timetable," stating that the trial court made an oral ruling denying her request to terminate the parental rights of appellee, Michael Donald Burns, on August 26, 2013 but that the trial court has not yet signed a written order and requesting that we abate this appeal "until such time as the trial court signs the order from which Appellant seeks to appeal." We deny the motion.

Alexandra Burns filed a petition seeking termination of Michael Burns's parental rights in relation to M.A.B. The trial court held a bench trial in the case on August 21 and August 26, 2013. At the conclusion of the hearing, the trial court stated: "That being said, y'all are excused at this time; and we will send you the rendition." Although the court made a docket sheet notation on August 26, 2013 stating "termination denied," no oral ruling appears in the reporter's record and no written order appears in the trial court clerk's record.

Alexandra Burns's notice of appeal is premature, because the trial court has not signed a written order granting or denying her petition. *See* TEX. R. APP. P. 26.1, 27.1(a); *Profile Equities LLC ex rel. Robinson v. Fort Worth I.S.D.*, No. 2-05-229-CV, 2005 WL 1838848, at *1 (Tex. App.—Fort Worth Aug. 4, 2005, no pet.); *In re J.E.H.*, No. 2-04-188-CV, 2004 WL 1858232, at *1 (Tex. App.—Fort Worth Aug. 19, 2004, no pet.). A docket sheet entry is not an acceptable substitute for a written order or judgment. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re J.E.H.*, 2004 WL 1858232, at *1. "A prematurely filed notice of appeal is not effective until the appellate deadline is triggered and therefore does not vest this court with jurisdiction over the appeal." *Profile Equities*, 2005 WL 1838848, at *1 (citing TEX. R. APP. P. 25.1(b), 27.1(a)); *In re J.E.H.*, 2004 WL 1858232 (citing TEX. R. APP. P. 25.1(b), 27.1(a)); *accord Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) ("We hold that Rule 27.1 does not require this Court to docket and hold an appeal open until there is an appealable judgment or order at some future date. Because there is no question that there is no appealable judgment or order in this proceeding, this appeal is dismissed.").

Further, because the reporter's record reflects that the order was not pronounced in open court, the trial court's order was not "rendered" at the hearing "so that formal entry is only a ministerial act." *See In re Bill Heard Chevrolet*, 209 S.W.3d at 314. Without an existing trial court order that can be made final, abatement is not appropriate. *See Ganesan*, 236 S.W.3d at 817; *Ardmore, Inc. v. Rex Group, Inc.*, No. 01-09-00396-CV, 2011 WL 486588, at *3 (Tex. App.—Houston [1st Dist.] Feb. 10, 2011, no pet.) (stating that Texas Rule of Appellate Procedure 27.2 allows abatement so that parties may obtain final order when there is uncertainty about intent of trial court in existing order or when "all that is left is a ministerial act of the trial court to make the judgment final"); *Parks v. DeWitt County Elec. Co-op., Inc.*, 112 S.W.3d 157, 163–64 (Tex. App.—Corpus Christi 2003, no pet.) (holding that court lacked jurisdiction over appeal and could not abate to allow appealed order to become final when disposition in trial court requires more than ministerial act); *cf.* TEX. R. APP. P. 27.2 (authorizing court to allow appealed order that is not final to be modified to be made final).

Accordingly, we DENY Alexandra Burns's motion to abate this appeal. We further notify Alexandra Burns that the Court may dismiss this appeal for want of jurisdiction unless, within 10 days of the date of this order, she files a signed copy of the order or judgment that she seeks to appeal or otherwise files a written response to this order, providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law to show that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a).

It is so ORDERED.


Judge's signature: /s/ Jane Bland
        ☑ Acting individually    ☐ Acting for the Court


Date: November 5, 2013