

IN THE
TENTH COURT OF APPEALS

No. 10-14-00045-CV

VERONICA NANCARROW,

Appellant

 v.

WADE W. WHITMER, M.D.,

Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 11-003427-CV-361

MEMORANDUM  OPINION

Appellant Veronica Nancarrow sued Appellee Wade W. Whitmer, M.D., alleging medical negligence. A settlement was reached and memorialized in a Rule 11 agreement, but Nancarrow alleges that she learned that Whitmer's expert disclosure was false and that it had induced her to agree to settle. Nancarrow thus refused to execute a release, and Whitmer filed a motion to enforce the settlement agreement and a counterclaim asserting breach of contract on August 1, 2013. On the next day, Nancarrow filed a motion to rescind the Rule 11 agreement.

The trial court held a hearing on the competing motions on August 6, 2013 and signed an order granting Whitmer's motion to enforce the settlement agreement on September 23, 2013.

Nancarrow filed a notice of appeal on October 14, 2013, and it was docketed as appellate cause number 10-13-00369-CV. In it, she asserted that she was appealing the trial court's order granting Whitmer's motion to enforce the settlement agreement. Thereafter, in her docketing statement, Nancarrow stated that the appeal was from a final judgment and that it disposed of all parties and issues.

On January 7, 2014, the trial court signed a final summary judgment in Whitmer's favor. On January 23, 2014, we filed a supplemental clerk's record that contained the final summary judgment.

On February 6, 2014, Nancarrow filed a notice of appeal of the trial court's January 7, 2014 final summary judgment. That appeal was docketed as appellate cause number 10-14-00045-CV, and the clerk's record has been filed.

Whitmer has filed a motion to dismiss No. 10-13-00369-CV for lack of jurisdiction, asserting that it is not an appeal from a final judgment because his counterclaim remained pending. Whitmer contends that the trial court's order granting Whitmer's motion to enforce the settlement agreement is not an appealable interlocutory appeal and that we lack jurisdiction.

The second notice of appeal in No. 10-14-00045-CV was unnecessary to perfect

the appeal in No. 10-13-00369-CV,[1] and the second appeal (No. 10-14-00045-CV) is moot and should be dismissed. *Corcoran v. Atascocita Community Improvement Ass'n, Inc.*, No. 14-12-00983-CV, 2013 WL 504051, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, no pet.) (mem. op.); *Alvarado v. Lexington Ins. Co.*, 389 S.W.3d 544, 549 & n.1 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Lerma v. Forbes*, 144 S.W.3d 18, 20 (Tex. App.—El Paso 2004, no pet.).

Therefore, we dismiss the appeal docketed under No. 10-14-00045-CV. The Clerk of this Court is directed to transfer the clerk's record in No. 10-14-00045-CV to No. 10-13-00369-CV.

### Orders in No. 10-13-00369-CV

Within sixty days of the date of this opinion, Nancarrow is directed to file an amended brief that includes any issues that were to be raised in No. 10-14-00045-CV. *See Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 386 (Tex. App.—Dallas 2012, no pet.) (applying Rule 25.1(g) and citing *Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied)).

Also, Nancarrow is granted leave to file an amended notice of appeal in No. 10-13-00369-CV within thirty days of the date of this opinion. *See id.* at 384-86; TEX. R. APP. P. 25.1(g).

---

[1] The final summary judgment made the case final for the purpose of invoking appellate jurisdiction, and the first notice of appeal can be considered as being a premature notice of appeal. *See Corcoran*, 2013 WL 504051, at *1 (citing Rule 27.1(a) and *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied)); *id.* (quoting *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 681 (Tex. App.—Dallas 2000, no pet.) ("[A] document filed in an attempt to appeal an interlocutory order that later becomes final serves to appeal the final judgment.")).

Whitmer's motion to dismiss in No. 10-13-00369-CV is denied, and the parties' joint motion for consolidation of appeals in No. 10-13-00369-CV is dismissed as moot.


PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed (No. 10-14-00045-CV)
Opinion delivered and filed May 22, 2014
[CV06]