

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00623-CV

**IN THE INTEREST OF M.R.G.**, G.H., III, and L.M.G.

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA01168
Honorable Stephani A. Walsh, Judge Presiding

PER CURIAM

Sitting:  Sandee Bryan Marion, Chief Justice
     Luz Elena D. Chapa, Justice
     Irene Rios, Justice

Delivered and Filed:  November 1, 2017

DISMISSED FOR WANT OF JURISDICTION; MOTION TO ABATE DENIED

On September 26, 2017, appellant's court-appointed attorney ad litem filed a notice of appeal, affirmatively representing to this court that the trial court signed an order terminating appellant's parental rights "on or about September 8, 2017." The notice of appeal used a minor's name in violation of Texas Rules of Appellate Procedure 9.8 and 9.9.

On October 2, 2017, we ordered appellant's attorney ad litem to file, by October 5, 2017, an amended notice of appeal that complied with the Texas Rules of Appellate Procedure. On October 4, 2017, the trial court clerk filed a clerk's record showing appellant had been appointed a new attorney ad litem for purposes of this appeal, but the clerk's record did not contain an order terminating appellant's parental rights. No amended notice of appeal was filed.

We thereafter issued another order directing appellant's attorney ad litem for this appeal to file, by October 16, 2017, the amended notice of appeal and a response showing why this appeal should not be dismissed for want of jurisdiction. On October 16, 2017, appellant's attorney ad litem for this appeal filed an amended notice of appeal and a "motion to abate appeal deadlines." The motion states, "Appellant's parental rights were not terminated after a bench trial. Notice of appeal was given without a signed Final Order." The motion "requests an abatement of the appeal deadline until a final order is filed." Appellant's motion does not otherwise address this court's appellate jurisdiction. The amended notice of appeal also states the "final decree of termination . . . has not been signed to date."

To be appealable, a judgment or order must be written and signed by the trial court. *See* TEX. R. APP. P. 26.1 (providing the appellate timetable runs from the date the judgment or order is signed). An oral ruling, not reduced to writing and signed by the trial court, is not a final or otherwise appealable judgment or order. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam). We are not required "to docket and hold an appeal open until there is an appealable judgment or order at some future date." *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied). When, as here, there is no appealable judgment or order, we must dismiss the appeal. *See id.* (citing TEX. R. APP. P. 42.3(a), 44.3). We therefore deny appellant's motion to abate and dismiss this appeal. *See id.*

PER CURIAM