**DISMISS and Opinion Filed December 3, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00895-CV**

**JESSICA DIXON, Appellant**
**V.**
**PRINCIPAL MANAGEMENT GROUP, INC. AND QUAIL RUN CONDOMINIUM ASSOCIATION, Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-19277**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Evans

This appeal challenges the trial court's July 3 and 19, 2019 orders granting Principal Management Group, Inc.'s (PMG) and Quail Run Condominium Association's (QRCA) motions to dismiss appellant's claims against them, September 9, 2019 order denying motion to recuse, and October 1, 2019 order setting aside hearing on appellant's motion to reconsider. Because the July 3rd and 19th orders specifically left pending PMG's and QRCA's counterclaims against appellant, we questioned our jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (subject to mostly statutory exceptions, appeal may only be taken from judgment or order that disposes of all claims and all parties).

In a letter brief filed at our request on October 24, 2019, appellant acknowledges no final judgment has been rendered and asks that, instead of dismissing the appeal for want of jurisdiction,

we abate the appeal to allow the trial court to render final judgment. *See* TEX. R. APP. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final[.]"). We decline to do so. In so doing, we note nothing in the record reflects determination of the counterclaims will be perfunctory. *See Parks v. DeWitt Cty. Elec. Coop., Inc.*, 112 S.W.3d 157, 163 (Tex. App.—Corpus Christi 2003, no pet.) (declining to abate to allow trial court to dispose of statutory counterclaim for attorney's fee because determination of counterclaim "require[d] more than the determination of 'perfunctory issues'"). Nor does the record reflect a determination is imminent. *See Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco, 2007, pet. denied) (concluding court not required "to docket and hold" appeal open until appealable judgment or order is signed at some future date). No trial date has been set, and the record reflects December 20, 2019 is the date set for a hearing on appellant's motion to set a trial date.

In light of the record before us, we dismiss the appeal and all pending motions. *See* TEX. R. APP. P. 42.3(a).

/David Evans/
DAVID EVANS
JUSTICE

190895F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JESSICA DIXON, Appellant

No. 05-19-00895-CV        V.

PRINCIPAL MANAGEMENT GROUP, INC. AND QUAIL RUN CONDOMINIUM ASSOCIATION, Appellees

On Appeal from the 298th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-18-19277.
Opinion delivered by Justice Evans, Justices Molberg and Reichek participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Principal Management Group, Inc. and Quail Run Condominium Association recover their costs, if any, of this appeal from appellant Jessica Dixon.

Judgment entered December 3, 2019.

–3–