# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00453-CV

**Luther W. Cobb, Appellant**

**v.**

**Joseph Stephen Campbell, Appellee**

## FROM THE 264TH DISTRICT COURT OF BELL COUNTY, NO. 261,263-D, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Luther W. Cobb, acting pro se, filed a notice of appeal on September 8, 2020, stating that he seeks to appeal an order modifying a final decree of divorce issued after a July 31, 2020 hearing. The notice of appeal stated that Cobb had not yet received the order. The trial-court clerk's record, which was filed on October 6, 2020, does not contain any order dated after July 31, 2020, and according to the trial-court clerk, no order has yet been entered. The trial court's docket sheet includes a notation indicating that an evidentiary hearing was conducted on July 31, 2020, and that at the conclusion of the hearing, the trial court granted appellee Joseph Stephen Campbell's petition to modify. The clerk's record also contains a notice of setting for a "hearing to enter order" on November 9, 2020.

This Court's jurisdiction is limited to appeals in which there exists a final judgment or other appealable order that has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code § 51.012. The time for perfecting an appeal in a civil case runs from a signed judgment or order, not an oral rendition or a docket entry. *See* Tex. R. App. P. 26.1; *see, e.g.*, *Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995) (per curiam) ("A docket entry does not constitute a written order."). Accordingly, in some cases, after providing 10 days' notice to the parties, we may dismiss an appeal for want of jurisdiction in the absence of a signed, written order. *See* Tex. R. App. P. 42.3(a); *see also, e.g.*, *Cobb v. Campbell*, No. 03-20-00037-CV, 2020 WL 828652, at *1 (Tex. App.—Austin Feb. 20, 2020, no pet.) (mem. op.); *In re X.M.P.*, No. 05-18-01416-CV, 2019 WL 180698, at *2 (Tex. App.—Dallas Jan. 14, 2019, no pet.) (mem. op.) (dismissing without prejudice to filing new notice of appeal after trial court signs judgment); *see also Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (explaining that appellate courts are not required "to docket and hold an appeal open until there is an appealable judgment or order at some future date").

However, in an appropriate case, we may abate the appeal and remand the case to the trial court for entry of a signed, written order. *See, e.g.*, *Davidson v. Davidson*, No. 03-19-00542-CV, 2019 WL 7042942, at *1 (Tex. App.—Austin Dec. 20, 2019, order) (per curiam); *O'Kroley v. Sherwin-Williams Co.*, No. 11-17-00339-CV, 2018 WL 2212950, at *1 (Tex. App.—Eastland May 10, 2018, order) (per curiam). In this case, the record reflects that the trial court has already rendered an oral ruling on Campbell's petition, and a hearing to enter an order is set for November 9, 2020. In addition, Cobb will have a right to appeal from a final order

granting Campbell's petition to modify the parent-child relationship.  *See* Tex. Fam. Code § 109.002(b).

Accordingly, we abate the appeal and remand the case to the trial court to allow the hearing to enter order to proceed.[1]  A supplemental clerk's record containing the trial court's order, or, if no order has been signed, a status report from appellant shall be filed with this Court no later than November 30, 2020.  *See* Tex. R. App. P. 34.5(c)(1).  If a supplemental clerk's record containing a final and appealable order or a status report is not filed in this Court by November 30, 2020, we may dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

It is so ordered on October 22, 2020.


Before Justices Goodwin, Triana, and Smith

Abated and Remanded

Filed:   October 22, 2020

---

[1]  We note that in the absence of a signed judgment or appealable order, the trial court retains its plenary power.  *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment has been signed.").  This Court retains jurisdiction to consider our jurisdiction over this appeal.  *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court").  If a final order is signed by the trial court, we will treat Cobb's September 8, 2020 notice of appeal as a premature notice of appeal under Texas Rule of Appellate Procedure 27.1.