# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00116-CV

**Wilfred Warren Sheppard, Appellant**

**v.**

**Tiffany Shellman and The Attorney General of Texas, Appellees**

### FROM THE 169TH DISTRICT COURT OF BELL COUNTY, NO. 272,488-C, THE HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Willfred Warren Sheppard, acting pro se, filed a notice of appeal on March 9, 2021, stating that he seeks to appeal an order modifying his child-support obligation that was rendered after September 29, 2020 and March 1, 2021 hearings. The trial-court clerk's record, which was filed on March 29, 2021, does not contain any order dated after March 1, 2021, and according to the trial-court clerk, no order has yet been entered. The trial court's docket sheet includes a notation indicating that hearings were conducted on September 29, 2020, and March 1, 2021, and that after the conclusion of the March 1 hearing, the trial court: (1) found that there has been a material and substantial change of circumstances that justifies a reduction of Sheppard's current child-support obligation; (2) found and confirmed the child-support and medical-support arrearage balances in State's Exhibit No. 1; and (3) requested that the State "apply any and all lump sum amounts being held, if any, and from whatever source, to the

appropriate arrearage balance, pay or credit Mother the proper amounts for the child, and to return any and all overpayments to Father." The same docket entry indicated that counsel for the Attorney General is to prepare an order reflecting the trial court's findings and rulings.

This Court's jurisdiction is limited to appeals in which there exists a final judgment or other appealable order that has been signed by a judge. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code § 51.012. The time for perfecting an appeal in a civil case runs from a signed judgment or order, not an oral rendition or a docket entry. *See* Tex. R. App. P. 26.1; *see, e.g.*, *Smith v. McCorkle*, 895 S.W.2d 692, 692 (Tex. 1995) (per curiam) ("A docket entry does not constitute a written order."). Accordingly, in some cases, after providing 10 days' notice to the parties, we may dismiss an appeal for want of jurisdiction in the absence of a signed, written order. *See* Tex. R. App. P. 42.3(a); *see also, e.g.*, *Cobb v. Campbell*, No. 03-20-00037-CV, 2020 WL 828652, at *1 (Tex. App.—Austin Feb. 20, 2020, no pet.) (mem. op.); *In re X.M.P.*, No. 05-18-01416-CV, 2019 WL 180698, at *2 (Tex. App.—Dallas Jan. 14, 2019, no pet.) (mem. op.) (dismissing without prejudice to filing new notice of appeal after trial court signs judgment); *see also Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (explaining that appellate courts are not required "to docket and hold an appeal open until there is an appealable judgment or order at some future date").

However, in an appropriate case, we may abate the appeal and remand the case to the trial court for entry of a signed, written order. *See, e.g.*, *Davidson v. Davidson*, No. 03-19-00542-CV, 2019 WL 7042942, at *1 (Tex. App.—Austin Dec. 20, 2019, order) (per curiam); *O'Kroley v. Sherwin-Williams Co.*, No. 11-17-00339-CV, 2018 WL 2212950, at *1 (Tex.

App.—Eastland May 10, 2018, order) (per curiam). In this case, the record reflects that the trial court has already rendered a ruling and has requested that the Attorney General's counsel prepare an order. In addition, it appears that the intended order will be a final order modifying the child-support obligation from which Sheppard will have a right to appeal. *See* Tex. Fam. Code § 109.002(b).

Accordingly, we abate the appeal and remand the case to the trial court to allow additional time for preparation and signing of the order.[1] A supplemental clerk's record containing the trial court's order, or, if no order has been signed, a joint status report from the parties shall be filed with this Court no later than May 19, 2021. *See* Tex. R. App. P. 34.5(c)(1). If a supplemental clerk's record containing a final and appealable order or a joint status report is not filed in this Court by May 19, 2021, we may dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

It is so ordered on April 20, 2021.

Before Justices Goodwin, Triana, and Kelly

Abated and Remanded

Filed: April 20, 2021

---

[1] We note that in the absence of a signed judgment or appealable order, the trial court retains its plenary power. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment has been signed."). This Court retains jurisdiction to consider our jurisdiction over this appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court"). If a final order is signed by the trial court, we will treat Sheppard's March 9, 2021 notice of appeal as a premature notice of appeal under Texas Rule of Appellate Procedure 27.1.