# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00709-CV

### Joshua Jackson, Rolan Rast, Todd Gilbertson, Derrick Lehman, and Alexander Lomovstev, Appellants

**v.**

### City of Austin, Travis County, State of Texas, Black Lives Matter, Austin Justice Coalition, Mike Ramos Brigade, ANTIFA, Safariland Defense Technology, Defense Technology, CTS Tactical, CSI Combined Systems, John Doe Defendants and as of yet Unidentified Entities, Appellees

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-002502, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Joshua Jackson, Rolan Rast, Todd Gilbertson, Derrick Lehman, and Alexander Lomovstev filed a notice of appeal from the district court's September 28, 2022 "Order Granting Austin Justice Coalition's Motion to Dismiss Under the Texas Citizens' Participation Act and Rule 91a." Appellants have written this Court stating that we lack appellate jurisdiction and asking us to retain this matter on the docket. *See* Tex. R. App. P. 27.1(a) (addressing prematurely filed notice of appeal). The Austin Justice Coalition (AJC) has filed a motion to dismiss for want of jurisdiction. We will grant the motion and dismiss the appeal.

This Court's jurisdiction is limited to appeals in which there is a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012, .014; *Lehmann v.*

*Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal). The district court's order disposed of appellants' claims against only one defendant, AJC. Additionally, the order expressly did not dispose of AJC's claims for attorneys' fees, costs, and sanctions under the Texas Citizens' Participation Act and Rule 91a. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a) (providing for award of attorneys' fees and costs); Tex. R. Civ. P. 91a.7 (same).

Appellants nevertheless ask us to treat the notice of appeal as premature and retain this matter on the docket. *See* Tex. R. App. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal."). They state that "the other remaining outstanding and pending dispositive motions filed by other defendants in this matter will be final and appealable shortly and should not be considered indefinite future orders." Appellants provided no estimate of when that might occur, and Rule 27.1 does not require appellate courts "to docket and hold an appeal open until there is an appealable judgment or order at some future date." *Duncan v. Prewett Rentals Series 2 752 Military, LLC*, No. 03-21-00244-CV, 2021 WL 2604053, at \*1 (Tex. App.—Austin June 25, 2021, no pet.) (mem. op.) (citing *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied)).

We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Edward Smith, Justice

Before Justices Baker, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed: January 27, 2023