

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01111-CV

In the **MATTER OF THE MARRIAGE OF** Geoffrey **PAWLACZYK** and Renee Pawlaczyk,
and In the Interest of G.D.P. and N.L.P., Children

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 20-439
Honorable Kirsten Cohoon, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: April 10, 2024

DISMISSED

"Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007). "Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction." *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). Absent a final judgment or an appealable interlocutory order, we have no jurisdiction over an appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

On December 28, 2023, the appellant, Geoffrey Pawlaczyk, filed a notice of appeal expressing his desire to appeal from a "[j]ury trial ruling from on or about February 14-18, 2022." Additionally, on January 8, 2024, and January 26, 2024, appellant filed amended notices of appeal expressing his desire to bring an "interlocutory appeal" of "the rulings and findings [from] the jury

trial ending on or about February 18, 2022, as well as the related orders that were a result of the jury trial." Appellant's amended notices of appeal do not state the date of the judgment or orders appealed from. *See* TEX. R. APP. P. 25.1(d)(2) (stating that a notice of appeal "must state the date of the judgment or order appealed from.").

After reviewing the clerk's record, we issued an order questioning our jurisdiction over this appeal. In our February 26, 2024 order, we explained that the clerk's record did not contain a final judgment signed by the trial court and that this court is not required to hold an appeal open until an appealable judgment or order is signed. *See In re M.R.G.*, No. 04-17-00623-CV, 2017 WL 4938422, at *1 (Tex. App.—San Antonio Nov. 1, 2017, no pet.); *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (holding that Rule 27.1 of the Texas Rules of Appellate Procedure, which addresses prematurely filed notices of appeal, does not require an appellate court to hold an appeal open until there is an appealable judgment or order at some future date). We further explained that this court has jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. We ordered appellant to file, on or before March 15, 2024, a written response identifying each order he seeks to appeal and explaining why it is an appealable order. We warned that if appellant failed to file a timely response, this appeal would be dismissed. Appellant did not file a response.

The clerk's record does not appear to contain an appealable judgment or order and appellant failed to direct us to an appealable judgment or order. "When, as here, there is no appealable judgment or order, we must dismiss the appeal." *In re M.R.G.*, 2017 WL 4938422, at *1; *see Ganesan*, 236 S.W.3d at 817. Accordingly, we dismiss this appeal. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM