

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00187-CV

———————————————

JOHNATHAN COOPER, Appellant

V.

JAMES WARREN ST. JOHN, Appellee

---

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-330985-21

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Johnathan Cooper filed his "Plaintiff Premature Notice of Appeal" with this court. In his notice, Cooper states that he filed his notice pursuant to Texas Rule of Appellate Procedure 27.1 "in [an] abundance of caution due to incarceration, no email, or access to receive up[-]to[-]date rulings by this court." He prays that we act upon his notice "only on a detr[i]mental final or appealable order" against him. However, Cooper did not provide us with an appealable order.[1]

Accordingly, we informed Cooper of our concern that we lacked jurisdiction over this appeal. We requested the parties to, within twenty days, provide us with a copy of an appealable order and warned that the appeal would be dismissed for want of jurisdiction if no such order was furnished. Cooper responded to our letter and explained again that he had filed his premature notice of appeal "in [an] abundance of caution" so that he does not lose his right to appeal any future detrimental rulings against him. Cooper is apparently incarcerated and has concerns that there might be a delay in mailing and processing his notice of appeal if he waits until an appealable

---

[1]While this appeal was pending, the trial court clerk provided us with an "Interlocutory Order Granting In Part and Denying In Part Defendant's No Evidence and Traditional Motions For Summary Judgment." In that order, the trial court partially granted summary judgment for Appellee James Warren St. John on certain of Cooper's claims, but explicitly denied his motion for summary judgment as to Cooper's pending contract claim. Thus, this order is not final and appealable nor is it an appealable interlocutory order. *See Matter of Marriage of Davis & Luo*, No. 07-23-00396-CV, 2023 WL 8470633, at *1 (Tex. App.—Amarillo Dec. 6, 2023, no pet.) (mem. op.).

order is eventually rendered against him. He reiterated that his premature notice of appeal "should only be in effect upon any final or appealable judgment against" him.

Rule 27.1 provides, in civil cases, that "a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." Tex. R. App. P. 27.1(a). However, this rule "does not contemplate an appellate place holder until there is a final appealable judgment." *Ganeson v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied). Rule 27.1 does not serve to require an appellate court to "docket and hold an appeal open until there is an appealable judgment or order at some future date." *Id.*; *see Burns v. Burns*, No. 12-22-00051-CV, 2022 WL 1483623, at *1 (Tex. App.—Tyler May 11, 2022, no pet.) (mem. op.).

Cooper concedes that there is no appealable judgment or order in this case and instead asks us to use his premature notice of appeal as an indefinite place holder in the event that such a judgment or order is eventually signed. But without a final judgment or appealable order, we have no jurisdiction over his appeal. *See Burns*, 2022 WL 1483623, at *2. Thus, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: June 13, 2024

3