

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| THE CITY OF EL PASO, TEXAS through the EL PASO WATER UTILITIES PUBLIC SERVICE BOARD,<br><br>Appellant,<br><br>v.<br><br>PASEO DEL ESTE MUNICIPAL UTILITY DISTRICT NO. 1,<br><br>Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 08-24-00314-CV<br><br>Appeal from the<br><br>210th Judicial District Court<br><br>of El Paso County, Texas<br><br>(TC#2021DCV3996) |

## MEMORANDUM OPINION

Appellant City of El Paso, Texas through the El Paso Water Utilities Public Service Board (EPWater) filed a notice of appeal on August 16, 2024, seeking to appeal an order signed on March 12, 2024.[1] The same day, the clerk of this Court sent a notice to EPWater indicating that the appeal would be subject to dismissal for want of jurisdiction because the appeal appeared untimely, unless the parties could show, within 20 days from the date of the notice, grounds to continue the appeal.

Appellee Paseo Del Este Municipal Utility District No. 1 (Paseo) responded by filing a motion to dismiss the appeal for want of jurisdiction. In the motion, Paseo states that the trial court

---

[1] EPWater's notice of appeal further stated that it desired to appeal from the March 12, 2024 order "including any rulings or orders subsumed therein or related thereto, including but not limited to the [trial] Court's Order denying EPWater's Motion for Reconsideration/Motion for New Trial, signed on August 13, 2024."

has not entered a final judgment or other appealable order in this case. EPWater responded to Paseo's motion with a motion to abate the appeal pending a final disposition in which it acknowledges that the trial court has not issued a final judgment. Asserting that while "a final judgment has not been entered *yet*, with reasonable diligence and cooperation that should occur soon," EPWater moves this Court to abate the appeal pursuant to Rule 27.2. Tex. R. App. P. 27.2 (authorizing appellate courts to "allow an appealed order that is not final to be modified so as to be made final").

EPWater also relies on Rule 27.1, which states that in a civil appeal, a prematurely filed notice of appeal is effective to invoke appellate jurisdiction before the entry of a final appealable order or judgment. *Id.* 27.1(a). However, "Rule 27.1 does not require this Court to docket and hold an appeal open until there is an appealable judgment or order at some future date." *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (raising concerns regarding "too many uncertainties" and the "legislatively imposed performance measures for the timely disposition of appeals" in determining that "Rule 27.1 does not contemplate an appellate place holder until there is a final appealable judgment").

Because there is no appealable order or judgment in this proceeding, we GRANT Paseo's motion to dismiss the appeal for want of jurisdiction and dismiss the appeal without prejudice to refiling upon entry of a final judgment in the trial court. All other pending motions are denied as moot.

LISA J. SOTO, Justice

September 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.

2