# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00539-CV

**Victoria VanBuren, Appellant**

**v.**

**Daniel Urban, Appellee**

### FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY,
NO. D-1-FM-23-001227, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

### O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Victoria VanBuren filed a notice of appeal on August 14, 2024, from the trial court's order rendering judgment on a jury verdict finding grounds for an annulment. Appellee Daniel Urban filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the annulment order is not a final and appealable order. In the underlying case, Urban filed a petition for divorce and a supplemental petition for annulment of marriage on the basis of fraud. VanBuren answered and filed a counterpetition for divorce. The issues were bifurcated into two trials. In the first trial, a jury heard Urban's request to annul the marriage from July 22 to July 24. After the jury returned its verdict on July 24, the trial court signed a judgment on July 26 accepting and entering the verdict and rendering judgment on the verdict granting the annulment. VanBuren appeals from this July 26, 2024 order granting annulment.

In his motion to dismiss, Urban informs the Court that the parties tried the remaining issues, including property distribution, in a second, final bench trial on August 27, 28, and 30, 2024. He also informs the Court that "[a] letter ruling related to the various issues tried on August 27, 28[,] and 30[,] 2024 will be provided to the parties by September 30, 2024." To date, VanBuren has not filed a response to the motion to dismiss. The clerk's record was filed on September 27, 2024, and no supplemental clerk's record has been filed informing this Court of further action by the trial court.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."). A judgment that does not resolve all pending claims of all parties is not final for purposes of appeal. *See Lehmann*, 39 S.W.3d at 195. In particular, when a trial court has granted separate trials, as opposed to a severance, "separate trials are interlocutory, and are not final and appealable until all the separated claims and issues in the suit have been litigated." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from first phase of bifurcated trial).

In some cases, upon a party's motion, or on the Court's own initiative after providing 10 days' notice to the parties, we may dismiss an appeal for want of jurisdiction in the absence of a final and appealable judgment. *See* Tex. R. App. P. 42.3(a); *see also, e.g.*, *Cobb v. Campbell*, No. 03-20-00037-CV, 2020 WL 828652, at *1 (Tex. App.—Austin Feb. 20, 2020, no pet.) (mem. op.); *In re X.M.P.*, No. 05-18-01416-CV, 2019 WL 180698, at *2 (Tex. App.—

Dallas Jan. 14, 2019, no pet.) (mem. op.) (dismissing without prejudice to filing new notice of appeal after trial court signs judgment); *see also Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (explaining that appellate courts are not required "to docket and hold an appeal open until there is an appealable judgment or order at some future date"). However, in an appropriate case, we may abate the appeal and remand the case to the trial court for entry of a signed, written order. *See, e.g.*, *Davidson v. Davidson*, No. 03-19-00542-CV, at *1 (Tex. App.—Austin Dec. 20, 2019, order) (per curiam); *O'Kroley v. Sherwin-Williams Co.*, No. 11-17-00339-CV, 2018 WL 2212950, at *1 (Tex. App.—Eastland May 10, 2018, order) (per curiam). In this case, Urban's motion to dismiss informs us that the second phase of the trial has been completed, and the parties should by now have received a letter ruling from the trial court on the remaining issues in the case.

Accordingly, we abate the appeal and remand the case to the trial court to allow VanBuren to obtain a signed final and appealable order.[1] A supplemental clerk's record containing the trial court's final and appealable judgment, or, if no final and appealable judgment has been signed, a status report from VanBuren shall be filed with this Court no later than November 25, 2024. *See* Tex. R. App. P. 34.5(c)(1). If either a supplemental clerk's record containing a final and appealable judgment or a status report is not filed in this Court by

---

[1] We note that in the absence of a signed judgment or appealable order, the trial court retains its plenary power. *See* Tex. R. Civ. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment has been signed."). This Court retains jurisdiction to consider our jurisdiction over this appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court"). If a final order is signed by the trial court, we will treat VanBuren's August 14, 2024 notice of appeal as a premature notice of appeal under Texas Rule of Appellate Procedure 27.1.

November 25, 2024, we may dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

It is so ordered on October 24, 2024.

Before Chief Justice Byrne, Justices Triana and Kelly

Abated and Remanded

Filed: October 24, 2024