**DISMISS and Opinion Filed December 5, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01112-CV**

**STEVIE BURNELL, Appellant**
**V.**
**HAVILON, LLC, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10530**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

Appellant appeals from the trial court's October 4, 2023 interlocutory order denying her motion to vacate the arbitration award. Because the trial court has not signed an order confirming the arbitration award, we questioned our jurisdiction over this appeal as it appeared to be premature under the Federal Arbitration Act, which governs the parties' arbitration agreement. At our request, the parties filed letter briefs addressing the jurisdictional issue.

In her letter brief, appellant asserts we have jurisdiction over the appealed order because it is a final decision with respect to the arbitration. *See* 9 U.S.C.

§16(a)(3) (allowing an appeal of a final decision with respect to an arbitration). Appellant asserts the trial court's order denying her motion to vacate the award "effectively resolves all issues regarding the arbitration." We disagree. The Supreme Court defines "final decision with respect to an arbitration" to mean "a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Mills v. Advocare Int'l, LP*, No. 05-15-00769-CV, 2015 WL 5286829, at *1 (Tex. App.—Dallas Sept. 10, 2015, no pet.) (citing *Green Tree Fin. Corp.–Ala. v. Randolph,* 531 U.S. 79, 86 (2000)). Here, there is no judgment to execute yet. The litigation remains pending because the trial court has not confirmed the arbitration award nor has a motion to confirm the arbitration award been filed. *See Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 265 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (arbitration award final once confirmed by trial court and final judgment rendered thereon).

Anticipating our determination that the order is unappealable, appellant asks alternatively that we remand this case to the trial court for entry of a final judgment. We decline to do so. As noted above, the trial court has not yet rendered judgment confirming the arbitration award or been asked to do so. *See Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App. —Waco 2007, pet. denied) (court not required "to docket and hold" an appeal open until an appealable order or judgment is signed at some future date).

Because the FAA does not provide for an appeal from an interlocutory order denying a motion to vacate an arbitration award, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).


231112f.p05

/Robert D. Burns, III//
ROBERT D. BURNS, III
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVIE BURNELL, Appellant

No. 05-23-01112-CV     V.

HAVILON, LLC, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-10530. Opinion delivered by Chief Justice Burns. Justices Molberg and Pedersen, III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee HAVILON, LLC recover its costs of this appeal from appellant STEVIE BURNELL.

Judgment entered this 5th day of December, 2024.