# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00333-CV

---

### MonDeLeseo Williams, Appellant

### v.

### Candice Bogan, Appellee

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 301562, THE HONORABLE KEVIN D. HENEDERSON, JUDGE PRESIDING[1]

---

## M E M O R A N D U M   O P I N I O N

MonDeLeseo Williams, acting pro se, filed this appeal challenging an order denying his "Motion to Recuse or Disqualify" the district court judge. We sent a letter to Williams questioning our jurisdiction over this appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) (addressing interlocutory appeals); Tex. R. App. P. 26.1 (addressing perfection of appeal in civil cases); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (noting general rule that appeal may be taken only from final judgment or orders that are otherwise appealable). In response, Williams acknowledges that there is no final judgment in the underlying case but requests that we "allow the appeal to proceed or hold the matter in abeyance until the trial court renders a final appealable judgment." We decline to do so.

---

[1] Judge Kevin D. Henderson, retired judge of Williamson County Court at Law No. 1, sat by assignment to preside over the motion to recuse the sitting judge of the Bell County 426th District Court, Judge Steven Duskie.

When presented with a prematurely filed notice of appeal in a civil case, we are "not required to docket and hold an appeal open indefinitely as 'an appellate place holder until there is a final appealable judgment.'" *Fusion Indus., LLC v. Edgardo Madrid & Assocs., LLC*, 624 S.W.3d 843, 849 (Tex. App.—El Paso 2021, no pet.) (quoting *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied)). Nothing in the Rules of Appellate Procedure allow the filing of a notice of appeal in anticipation of an appeal that may be filed sometime in the indefinite future. *Ganesan*, 236 S.W.3d at 817. Moreover, nothing in the clerk's record shows that a final judgment is imminent or that a trial date has been set.

Because an order denying a motion to recuse is reviewable only "on appeal from the final judgment," and an order on a motion to disqualify may be appealed only "in accordance with other law," we lack jurisdiction over this appeal. *See* Tex. R. Civ. P. 18a(j); *cf.* Tex. Civ. Prac. & Rem. Code § 51.014(a). We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed: July 11, 2025

2