**Opinion filed June 18, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00259-CV

_____

## CHRISTOPHER M. PERRICONE, Appellant

## V.

## KATIE BETH PERRICONE, ET AL, Appellees

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C51852**

### M E M O R A N D U M   O P I N I O N

On September 5, 2025, Appellant, Christopher M. Perricone, filed a pro se notice of appeal from the trial court's "Order Denying [Appellant's] Motion for Leave to File Notice of Nonsuit Out of Time and to Abate Rule 91a Hearing and [Appellant's] Motion for Clarification and Extension of Time." We dismiss the appeal without prejudice.

When this appeal was docketed, the clerk of this court informed Appellant by letter that it did not appear that the trial court had entered an appealable order. We

requested Appellant to respond and show grounds to continue this appeal, and we notified the parties that the appeal was subject to dismissal. Appellant responded and contended that the order was appealable as "a partial final judgment" and that the notice of appeal was prematurely filed as to "the subset of defendants with pending Rule 91a motions." Appellant's notice of appeal was deemed prematurely filed under Rule 27 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 27. In a letter informing the parties of same, we directed the parties and the trial court clerk's office to immediately inform us upon the entry of an appealable order or final judgment.

Appellant filed another notice of appeal on October 3, this time from the trial court's August 22 order granting a defendant's Rule 91a motion. TEX. R. CIV. P. 91a. The trial court's order granted the defendant's motion and dismissed Appellant's causes of action against that defendant "save and except [Appellant's] cause(s) of action under Chapter 42 of the Texas Family Code." When his notice of appeal was filed, we informed Appellant that the trial court had not yet entered an appealable order, and that his premature notice of appeal remained.

On April 29, we reminded the parties by letter that the trial court had not entered an appealable order. We informed the parties that the appeal would be dismissed, without prejudice, unless the parties were able to obtain an appealable order or judgment by May 29. On May 28, Appellant filed his "Status Advisory and Motion to Retain or Abate Premature Appeal Pending Trial-Court Finality Determination and Related Rule 145 Appeal." *See Perricone v. Perricone*, No. 11-25-00213-CV, 2026 WL 1593647, at *1 (Tex. App.—Eastland June 4, 2026, no pet. h.) (mem. op.) (affirming the trial court's order sustaining a defendant's contest pursuant to Rule 145 of the Texas Rules of Civil Procedure). Appellant requests that we "retain or abate" this appeal because "finality remains actively disputed in the

2

trial court," and his related appeal in *Perricone*, 2026 WL 1593647, "is directly related to the finality and procedural posture" of the instant appeal. Alternatively, he requests that we dismiss the appeal without prejudice.

Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order or judgment becomes final when it (1) disposes of all parties and claims before the trial court or (2) "include[s] unequivocal finality language that expressly disposes of all claims and parties." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024); *In re C.K.M.*, 709 S.W.3d 613, 617–18 (Tex. 2025) (the "language must 'leave no doubt about the court's intention' to enter a final judgment" (quoting *Lehmann*, 39 S.W.3d at 206)). The trial court's orders did not dispose of all parties or all claims in Appellant's lawsuit, sever a party to create a final judgment, or include unequivocal finality language. Therefore, the trial court has not entered an appealable order or final judgment in the proceedings below, and we are without jurisdiction to consider Appellant's appeal at this time. *C.K.M.*, 709 S.W.3d at 619; *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) ("Rule 27.1 does not contemplate an appellate place holder until there is a final appealable judgment.").

Accordingly, we grant the alternative request in Appellant's motion and confirm that (1) we dismiss this appeal without prejudice to his right to file a notice of appeal after the entry of an appealable order or final judgment in the cause below, (2) the dismissal does not constitute a ruling on the merits of Appellant's appellate complaints regarding the orders appealed in this cause, and (3) the dismissal has no bearing on disposition of the defendant's contest under Rule 145; instead, the

Rule 145 issue was disposed of by our opinion in *Perricone*, 2026 WL 1593647, at *6.

We dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).


JOHN M. BAILEY

CHIEF JUSTICE


June 18, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.