# NO. 12-24-00083-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EVAN PAUL REES,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 4TH* |
| *V.* | | |
| *LARRY W. GARRETT, SUCCESSOR*<br>*TRUSTEE OF THE PAULA HUDSON*<br>*REES TRUST NUMBER ONE,*<br>*SUCCESSOR TRUSTEE OF THE*<br>*GERTRUDE H. HUDSON TRUST NO.* | *§* | *JUDICIAL DISTRICT COURT* |
| *3 AND FORMER ATTORNEY IN*<br>*FACT FOR PAULA GARRETT,*<br>*APPELLEE* | *§* | *RUSK COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

Appellee, Larry W. Garrett, successor trustee of the Paula Hudson Rees Trust Number One, successor trustee of the Gertrude H. Hudson Trust Number Three, and former attorney in fact for Paula Garrett filed a petition for declaratory judgment in which he sought a declaration that Appellant Evan Paul Rees is not entitled to an accounting under the Property Code. Garrett also sought attorney's fees. Rees filed a counterclaim against Garrett for filing a frivolous lawsuit and sought a declaratory judgment as to his entitlement to an accounting, standing, status as a beneficiary, and interest in Paula's welfare or estate. He further requested attorney's fees.

Garrett subsequently filed a motion for partial summary judgment, seeking a declaration that Rees is not entitled to an accounting under the Texas Trust Code or Estates Code. He did not request a ruling on his attorney's fees claim. In an order granting the motion, the trial court found that Rees is not entitled to an accounting under either the Trust Code or the Estates Code. The order does not address either party's request for attorney's fees, nor does it include other

language suggesting that it serves as a final judgment. Rees filed a notice of appeal from the order. His notice states that the partial summary judgment order is a "final and appealable order since it effectively disposes of all the parties and claims in this cause."

On June 25, 2024, Garrett filed a motion to dismiss the appeal on grounds that the trial court has not entered a final judgment because the challenged order does not dispose of the parties' claims for attorney's fees or contain other language of finality. In response, Rees states, "it is not clear if [the partial summary judgment order] is a final and appealable order since it rendered a final judgment on certain discrete issues which ended a phase of what is arguably a probate proceeding."

When "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Rees appears to take the position that the underlying case qualifies as a probate proceeding. In a reply filed with this Court on July 16, Garrett maintains that this case does not involve a probate proceeding.

"Probate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). An interlocutory order on a discrete issue is appealable if an express statute declares that phase of the proceeding to be final and appealable. *Id*. Otherwise, a probate order is final if it disposes of "all parties or issues in a particular phase of the proceedings." *Id*. at 579. "[I]f there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of," the order is not final. *Id*. at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

Assuming that the underlying proceeding constitutes a probate case, this Court is unaware of any statute that expressly renders the challenged order appealable as interlocutory, and Rees identifies no such statutes.[1] And as this Court has previously stated, an order on a request for accounting is not final and appealable. *In re Jones*, No. 12-19-00354-CV, 2019 WL 7373848, at *8 (Tex. App.—Tyler Dec. 31, 2019, orig. proceeding) (mem. op.). Furthermore,

---

[1] Rees acknowledges that "there is no express statute providing that an order adjudicating standing to seek judicial relief against an agent-in-fact is a final appealable judgment[.]"

the order does not dispose of either party's claim for attorney's fees; consequently, the order does not amount to a final judgment. *See In the Matter of Estate of Wells*, No. 12-22-00046-CV, 2022 WL 1286556, at *2 (Tex. App.—Tyler Apr. 29, 2022, no pet.) (per curiam) (mem. op.) (dismissing appeal for want of jurisdiction where various probate orders, some granting partial summary judgment, did not dispose of claim for attorney's fees); *see also Palacio for Estate of Palacio v. Palacio*, No. 05-18-00357-CV, 2019 WL 1785122, at *1 (Tex. App.—Dallas Apr. 24, 2019, no pet.) (mem. op.) (because claims for attorneys' fees remained pending, summary judgment orders did not dispose of all parties and issues in particular phase of probate case).

Because the order does not qualify as an appealable interlocutory order or a final judgment, we *grant* Garrett's motion to dismiss, and we *dismiss* the appeal for want of jurisdiction.[2]

Opinion delivered July 17, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] We also note that appellate Rule 27.1(a), which governs premature notices of appeal, "does not contemplate an appellate place holder until there is a final appealable judgment." *Ganeson v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied); *see* TEX. R. APP. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal"). Rather, the Rule is "designed to make it clear that a notice of appeal filed before the final appealable judgment is rendered is nevertheless effective to invoke our appellate jurisdiction of such a judgment." *Ganeson*, 236 S.W.3d at 817. Rule 27.1 simply does not require an appellate court to "docket and hold an appeal open until there is an appealable judgment or order at some future date." *Id.*; *Dias v. Dias*, No. 13-11-00756-CV, 2012 WL 171913, at *2 (Tex. App.—Corpus Christi Jan. 19, 2012, no pet.) (mem. op.) (per curiam); *see Burns v. Burns*, No. 12-22-00051-CV, 2022 WL 1483623, at *1-2 (Tex. App.—Tyler May 11, 2022, no pet.) (per curiam) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 17, 2024**

**NO. 12-24-00083-CV**

**EVAN PAUL REES,**
Appellant
V.
**LARRY W. GARRETT, SUCCESSOR TRUSTEE OF THE PAULA HUDSON REES TRUST NUMBER ONE, SUCCESSOR TRUSTEE OF THE GERTRUDE H. HUDSON TRUST NO. 3 AND FORMER ATTORNEY IN FACT FOR PAULA GARRETT,**
Appellee

Appeal from the 4th District Court
of Rusk County, Texas (Tr.Ct.No. 2023-103)

THIS CAUSE came on to be heard on the motion of the Appellee to dismiss the appeal herein, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the motion to dismiss be **granted** and the appeal be **dismissed for want of jurisdiction,** and that the decision be certified to the court below for observance. Each party shall bear its own costs of appeal.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*